# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| THE HARTZ MOUNTAIN CORPORATION | : | CIVIL ACTION NO. 05-2488 (WJM) |
| | | United States District Court |
| Plaintiff | : | District of New Jersey |
| vs. | : | |
| CHANELLE PHARMACEUTICAL VETERINARY PRODUCTS MANUFACTURING LIMITED, | : | **CONSOLIDATED FOR ALL PURPOSES** |
| Defendant. | : | |
| VIRBAC CORPORATION | : | CIVIL ACTION NO. 05-5845 (WJM) |
| | | United States District Court |
| Plaintiff, | : | District of New Jersey |
| vs. | : | |
| CHANELLE PHARMACEUTICAL VETERINARY PRODUCTS MANUFACTURING LIMITED, et al., | : | **PLAINTIFF VIRBAC CORPORATION'S MOTION TO QUASH and OBJECTIONS TO SUBPOENA AND ITS REQUEST FOR AN EXPEDITED DECISION with BRIEF IN SUPPORT** |
| Defendants. | : | |

**PLAINTIFF VIRBAC CORPORATION'S MOTION TO QUASH AND OBJECTIONS TO SUBPOENA AND ITS REQUEST FOR AN EXPEDITED DECISION**

Plaintiff Virbac Corporation ("Virbac"), by its undersigned counsel, files this its Motion to Quash Subpoena and Brief in Support and Objections to Subpoena, seeks an expedited decision on its Motion, and respectfully shows the Court as follows:

## I. INTRODUCTION

### A. *Procedural Background*

Virbac brought suit against The Hartz Mountain Corporation ("Hartz") and Chanelle Pharmaceuticals Veterinary Products Manufacturing Limited ("Chanelle") for, among other causes, misappropriation of trade secrets and breach of contract related to confidential and proprietary information (the "Trade Secrets") that Virbac purchased from Blue Ridge Pharmaceuticals, Inc./IDEXX Laboratories, Inc. ("IDEXX"), and which is now the property of Virbac. The Virbac suit was originally filed in the District of Columbia, but was removed to New Jersey by agreement of the parties. Subsequently, the Virbac suit was consolidated with an existing suit between Hartz and Chanelle.

Pursuant to the District Court's Order, Hartz, Chanelle and Virbac completed initial Rule 26(a) disclosures on February 24, 2006. However, at the request of Hartz, the Court ordered Virbac not to proceed with discovery until after the determination of Rule 12 motions that Hartz and Chanelle filed.[1] Accordingly, the Court set a case management conference for May 15, 2006, at which time it is anticipated that a scheduling order will be entered to control discovery in the Virbac suit.

On February 6, 2006, Hartz served IDEXX with a subpoena (the "Subpoena") issued by the United States District Court for the District of Maine commanding IDEXX to "give testimony in this action by deposition" and produce a broad range of documents relating to the Trade Secrets.[2] IDEXX is not a party in the captioned case, but it maintains records regarding the Trade Secrets purchased by Virbac from IDEXX. The documents requested, and presumably the testimony sought, are directed solely to issues raised by the Virbac suit.

---

[1] Scheduling Order No. 1, entered on January 19, 2006, Certification of Debra Thomas, Esq., dated April 5, 2006 ("Thomas Cert.") at Exhibit "A".
[2] Hartz Subpoena to IDEXX, issued on February 6, 2006, Thomas Cert. at Exhibit "B."

## B. *Virbac Has Taken Reasonable Steps to Resolve this Issue*

On February 17, 2006, Virbac, by and through its counsel, sent a letter to Hartz's counsel requesting that it withdraw its Subpoena for deposition and production of documents, in part because it violates the Scheduling Order issued by the Magistrate Judge, which precludes depositions until after the case management conference on May 15, 2006.[3] The February 17th letter, and the related telephone call, were an effort to raise Virbac's concerns regarding the Subpoena before the deposition and document production scheduled for February 21, 2006.

Since that time, Virbac has continued to take reasonable steps to resolve this issue, including a request that Hartz withdraw its demand for deposition and an attempt to negotiate a proposed confidentiality order that would protect the disclosure of documents by IDEXX. These efforts are evidenced by the following:

- letter from Michelle Roberts, dated February 20, 2006, memorializing a telephone conversation with Eric Aronson, Thomas Cert. at Exhibit "D";

- E-mail from Eric Aronson, dated February 21, 2006, stating he will agree to a confidentiality agreement, Thomas Cert. at Exhibit "E";

- E-mail from Courtney Plattner, on behalf of Michelle Roberts, dated February 23, 2006, attaching proposed confidentiality and protective order, Thomas Cert. at Exhibit "F";

- E-mail from Eric Aronson, dated February 23, 2006, stating that he did not read entire proposed confidentiality order and sending a proposed Use & Handling Agreement instead, Thomas Cert. at Exhibit "G";

- letter from Debra Thomas, dated February 24, 2006, discussing issues that Aronson's proposed agreement fails to address, Thomas Cert. at Exhibit "H";

- E-mail from Carol VanDine, on behalf of Debra Thomas, dated February 27, 2006, forwarding revised agreement, Thomas Cert. at Exhibit "I";

---

[3] Thomas Cert. at <u>Exhibit "A"</u>, par. 10*;* Bracewell Letter to Aronson, Thomas Cert. at <u>Exhibit "C"</u>.

- E-mails from John Barnoski and Eric Aronson, dated March 1, 2006, stating that they do not believe the agreement is worth the time spent, even though they have neither looked at it nor focused on it, Thomas Cert. at Exhibit "J";

- E-mail from David Erichsen, dated March 6, 2006, stating that he will withhold production of documents until agreement is reached on maintaining the confidentiality, Thomas Cert. at Exhibit "K";

- E-mail from Debra Thomas, dated March 15, 2006, noting that the changes requested by Eric Aronson have been made, that John Barnoski has not suggested any changes, and attaching the signed agreement of counsel for IDEXX, Thomas Cert. at Exhibit "L";

- E-mail from Eric Aronson, dated March 15, 2006, saying he has not agreed, but will get back with his comments, Thomas Cert. at Exhibit "M";

- E-mail from Debra Thomas, dated March 15, 2006, forwarding revised proposed agreement, Thomas Cert. at Exhibit "N";

- E-mails between Debra Thomas and Brian Urban, dated March 16, 2006, discussing the proposed agreement and rejecting the offer to allow the documents to be produced with the "assurance" that the information will be kept confidential, Thomas Cert. at Exhibit "O";

- E-mail from Eric Aronson, dated March 16, 2006, stating that Virbac has no standing to move against the subpoena and promising that he and Barnoski will "likely" forward joint comments the following week, Thomas Cert. at Exhibit "P";

- E-mail from Debra Thomas, dated March 16, 2006, requesting that the opposing counsel review the document and attempt to reach an agreement and pointing out, in part, the basis for Virbac's standing, Thomas Cert. at Exhibit "Q".

The foregoing shows that, on February 27, 2006, Virbac's counsel and Hartz's attorneys agreed to enter into a confidentiality agreement regarding the documents to be produced by IDEXX.[4] Subsequently, IDEXX agreed to withhold production of documents until all parties entered into a confidentiality agreement regarding discovery.[5] IDEXX executed the proposed confidentiality agreement and provided a signed copy of this agreement to counsel for Virbac.[6]

---

[4] *See, e.g.*, Thomas Cert. at Exhibits "D", "E", "G".

[5] Thomas Cert at Exhibits "D" and "K".

[6] On February 21, 2006, IDEXX, by and through its counsel agreed to refrain from producing confidential documents requested in the subpoena until the open issues regarding the Subpoena were resolved. To date, IDEXX has produced to Hartz only one letter, which was not

Counsel for Virbac has made repeated attempts to complete the confidentiality agreement regarding the documents sought by Hartz in the IDEXX Subpoeana and any related deposition testimony.[7]  Despite repeated efforts, including adopting the proposed Hartz format and attempting to memorialize "concepts" agreed upon by counsel for Hartz, Hartz has refused to complete the agreement and has failed to respond with any additional suggested revisions.[8] Counsel for Chanelle has never provided substantive revisions or comments and has failed to respond as promised.  Additionally, Virbac made a final plea for Hartz and/or Chanelle to offer any constructive criticism or suggestions for the confidentiality agreement and court order (to be entered in the pending New Jersey case), but to date neither Hartz nor Chanelle has offered any suggestions, and proceeded with the Subpoena in this Court.[9]

Finally, both Hartz and Chanelle offered "assurances" that they would treat all information produced by IDEXX as confidential until a protective order or confidentiality agreement is in place in New Jersey.[10]  However, Virbac must decline to allow its confidential information to be produced absent a written order.  This is reasonable as the nature of this case, e.g. a misappropriation of trade secrets and breach of contract case, has rendered such non-binding assurances impotent.

## II.  MOTION TO QUASH

### A.  A Motion to Quash is Proper in this Court.

Because a subpoena duces tecum can be issued upon the request of a party or by an attorney without notice or action by the court, there is enormous potential for misuse.  Thus,

---

confidential, and has withheld the remaining documents as confidential and pending execution of a confidentiality agreement as contemplated by the parties.  Thomas Cert. at Exhibit "Q".
 [7] Thomas Cert. at Exhibits "D" –"Q".
 [8] *Id.*
 [9] *Id.*
 [10] *Id.*

Rule 45(c) has strong, expressed protections for entities served with subpoenas. FED. R. CIV. P. 45(c). The Rules explicitly authorize the quashing of a subpoena as a means of protecting a witness from the misuse of the subpoena power. FED. R. CIV. P. 45(c)(3).

Motions to quash or modify the subpoena must be made in the district court from which the subpoena was issued. *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (the district court where the underlying action was pending did not have the jurisdiction to rule on objections made to subpoenas obtained from a district court in another district, absent that district court's exercising its discretion to remit the matter to the district court in which the matter was pending). This Court is the issuing court that has jurisdiction to enforce the Subpoena, despite the fact that the underlying lawsuit is pending in New Jersey. *Id*. The Subpoena in this case is a result of a misuse of subpoena power by Hartz, in light of the issues and orders pending in the New Jersey case. This Court should quash the Subpoena issued to IDEXX.

### B. The Subpoena Violates a Court Order.

Following a hearing on January 19, 2006, Judge Hedges, U.S. Magistrate for the District of New Jersey, entered "Scheduling Order No. 1" in which the New Jersey Court ordered that "No depositions shall be scheduled or taken by or of any party or non-party until after the Case Management Conference contemplated by paragraph 12 below takes place." Thomas Cert at Exhibit "A". The referenced Case Management Conference is scheduled for May 15, 2006. Therefore, the Hartz subpoena issued to non-party IDEXX contravenes the New Jersey Court's Order and must be quashed by this Court.

### C. The Deposition Notice is Defective as a Matter of Law.

When deposing a corporate entity, rather than an individual, the notice of deposition must either designate an appropriate officer, director, or managing agent, or describe the subject matter of the questions to be asked and allow the entity to designate its own spokesperson

familiar with that subject matter. FED. R. CIV. P. 30(b)(6). When the notice allows the entity to select its own deponent, the notice must include a concise identification of the designated areas or requested testimony. *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D. N.C. 1996).

In this case, the Subpoena is not reasonably concise in that it neither designates a particular person, nor does it state the purposes for which the corporate representative will be deposed. The only parameters for testimony are that IDEXX must: "give testimony in this action by deposition by the Hartz Mountain Corporation…." Thomas Cert. at Exhibit "B". Such a broad notice is defective on its face.

### D. Virbac Has Standing to Object and Seek to Quash the Subpoena.

Virbac has standing to file this Motion for three reasons: (1) the underlying documents sought by Hartz from IDEXX are the property of Virbac[11]; (2) the Subpoena is an attempt by Hartz to make an end-run around a court order in the New Jersey case where Virbac is the plaintiff; and (3) IDEXX counsel has agreed with Virbac to withhold production of the confidential documents sought by this Subpoena until such agreement is reached.

With respect to Virbac's first basis, on December 13, 2001, Virbac and IDEXX, through its wholly owned subsidiary, Blue Ridge Pharmaceuticals, Inc. (now IDEXX Pharmaceuticals, Inc.), entered into a Product Transfer Agreement ("PTA") whereby IDEXX transferred its entire interest in the Products and Trade Secrets, which are the relevant factors of this present lawsuit.[12] The PTA contains the following provision:

> [IDEXX] hereby sells, assigns and transfers to [Virbac], free and clear of any and all liens and encumbrances, all of [IDEXX's] worldwide rights, title and interest in and to the Products, including all of [IDEXX's] Know-How, goodwill, Registrations, ANADAs, NADAs [new animal drug application] and INADs

---

[11] Product Transfer Agreement between Blue Ridge Pharmaceuticals, Inc. and Virbac, dated December 13, 2001, Thomas Cert. at <u>Exhibit "R"</u>.

[12] *Id.* at , par. 2.

[investigational new animal drug application] relating to the Products and the Iverhart.com URL, and in and to the trademark IVERHART[.][13]

Thus, the documents and confidential information sought by Hartz from IDEXX contain the Trade Secrets that are now the sole and exclusive property of Virbac and the subject matter of the litigation pending in New Jersey. The information sought by the Subpoena is information that was disclosed to Chanelle pursuant to an agreement limiting its use and further disclosure.[14] Further, after discovering that Chanelle and Hartz used this information to seek patents in violation of Virbac's rights, IDEXX confirmed its assignment of ALL rights to the Trade Secrets (and the documents sought by the Subpoena) in a letter sent by IDEXX to Chanelle and Hartz.[15]

Second, as a party in the underlying New Jersey case, Virbac has standing to object to the Subpoena and assert procedural breaches and violations of the discovery rules and court orders in the New Jersey case. Fed. R. Civ. P. Rules 16, 30 and 34. Thus, a motion to quash is the proper means for Virbac to assert its objections and to protect the information it owns from further improper dissemination. In addition, Hartz's Subpoena contradicts the Scheduling Order, which prohibits depositions until after the case management conference on May 15, 2006. Virbac has standing to object to any contravening attempt at discovery.

Finally, Virbac has standing by agreement with IDEXX. To date, IDEXX has produced one non-confidential document. IDEXX has agreed to withhold the production of any confidential documents until this motion is resolved or a confidentiality agreement among all of the parties is consummated.

---

[13] *Id*.
[14] Thomas Cert. at <u>Exhibit "S"</u>, pars. 1-3.
[15] Thomas Cert. at <u>Exhibit "T"</u>.

### E. The Subpoena is Vague and Overly Burdensome

A subpoena must designate with reasonable particularity the documents and things that are to be produced by the party upon whom it is served—it is improper to issue a blanket subpoena containing overbroad and unduly burdensome requests for information which are clearly being used as a fishing expedition. FED. R. CIV. P. 26(c); *Caver v. City of Trenton*, 192 F.R.D., 154-162 (D.N.J. 2000)(court may make any order to protect from undue burden or expense); *In re Grand Jury Proceedings*, 601 F.2d 162, 168 (5th Cir. 1979) (a subpoena duces tecum demanding, without qualification, all financial statements and related papers of a former customhouse broker, was overbroad). As with all discovery requests, the information sought must be relevant to the claim or defense of a party. FED. R. CIV. P. 26(b)(1).

Rule 45(c)(1) imposes upon the issuing party a duty to avoid imposing an undue burden or expense on the entity subjected to the subpoena. FED. R. CIV. P. 45(c)(1). A nonparty who is required to produce documents or materials is protected by the rule against incurring significant expenses. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (if documents are requested from a nonparty, the court may consider the expense and inconvenience to the nonparty); *United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 371-372 (9th Cir. 1982) (witness's nonparty status is an important factor to be considered in determining whether to allocate the discovery costs on the demanding party).

Again, the burden is on the party seeking production to narrowly tailor its requests and show that the requested documents are relevant to a claim or defense. Here, an examination of the requests for production reveals that they are not narrowly drafted. Rather, they are global (i.e. "all documents produced…pursuant to the…confidentiality agreement") and vague requests for all documents regarding broad topics (i.e. "any action or threatened legal claim…asserted by Virbac against Blue Ridge"). The requests for production of documents contained in Exhibit "A"

to the Subpoena are overbroad and unduly burdensome as a matter of law. Therefore, this Court should quash the Subpoena served upon IDEXX.

### F. This Court MUST Quash or Modify the Subpoena.

Under Rule 45, there are express situations where a district court must quash a subpoena. FED. R. CIV. P. 45(c); *U.S. v. Compaction Sys. Corp.*, Civ. Act. No. 96-5349, 2000 U.S. Dist. LEXIS 14362 (D.N.J. 2000); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). As discussed below, the Subpoena in this case must be quashed under two of these limitations.

    1. <u>The Subpoena Requests Privileged and Protected Material</u>

A subpoena must be quashed or modified if it requires disclosure of privileged or protected material, and no exemption applies. FED. R. CIV. P. 45(c)(3)(A)(iii). Courts have held that, while a subpoena duces tecum is an essential instrument for locating evidence and finding the facts, it must, on occasion, yield to a weightier public policy embodied in a privilege. *United States v. Nixon*, 418 U.S. 683, 713 (1974); *Golden Pacific Bancorp v. Fed. Deposit Insur. Corp.*, Civ. Act. No. 99-3799, 1999 U.S. Dist. LEXIS 20303, *3 (D.N.J. 1999) (permitting a court to quash a subpoena if disclosure of confidential information is required and the requesting party has not shown substantial need); *Brunt v. Hunterdon County*, 183 F.R.D. 181, 183 (D.N.J 1998) (court shall quash or modify a subpoena if it requires disclosure of privileged or other protected matter).

In this case, the issuing party seeks documents that are the confidential and proprietary property of Virbac. Therefore, the Subpoena is defective because it seeks testimony and production of documents that belong to Virbac. Furthermore, Hartz seeks "<u>All documents</u> concerning any action or threatened legal claim . . ." Thus, it seeks documents that may be subject to the attorney client privilege and work-product doctrine. On its face, this Subpoena is

defective because it seeks testimony and production of documents relating to the sale of the Trade Secrets to Virbac.

    2. <u>The Subpoena Subjects IDEXX to an Undue Burden</u>

A subpoena also must be quashed or modified if it subjects a person or entity to an undue burden. FED. R. CIV. P. 45(c)(3)(A)(iv). A subpoena must be quashed if it calls for a clearly irrelevant matter. *U.S. v. Ciba Corp.*, Civ. Act. No. 791-69, 1973 U.S.Dist LEXIS 13617, *5 (D.N.J. 1973) (when seeking discovery from a non-party there must be a relatively great need shown); *Herron v. Blackford*, 264 F.2d 723, 725 (5th Cir. 1959) (subpoena in a bankruptcy proceeding could only require the production of books and records relevant and material to the acts of the bankrupt's actions and property).

Whether a subpoena subjects a witness to an undue burden is generally a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it—this balance of the subpoena's benefits and burdens call upon the court to consider whether the information is necessary and unavailable from any other source. *U.S. v. Gatto*, 729 F.Supp. 1478, 1482 (D.N.J. 1989) (court may quash the subpoena for documents if compliance would be unreasonable or oppressive); *Ciba*, 1973 U.S. Dist. LEXIS at *5 (subpoena of non-party was modified because requesting party failed to demonstrate sufficient need for discovery); *Katz v. Batavia Mar. & Sporting Sup., Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (nonparty status may be considered in weighing burdens imposed); *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas"); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss*, 40 F.R.D. 318, 328 (D.C. 1966) (necessity for the production of documents is reduced sharply when an available alternative for obtaining the desired evidence

has not been explored); *Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. 1982) (district court did not abuse its discretion in quashing subpoena on a nonparty when the nonparty's agent of process did not control the documents sought and the party issuing the subpoena had the ability to obtain the documents through another federal court); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (nonparty corporation subpoena quashed when the need for such documents was not sufficient to outweigh the burden and invasion of corporate privacy that would have resulted, especially noting that they were not a party to the suit); *Clay v. Southern Ry. Co.*, 284 F.2d 152, 154 (5th Cir. 1960) (entire subpoena quashed as oppressive for failing to designate properly and failure to show good cause for seeking the entire investigative file of personal injury accident).

More importantly, a subpoena that improperly seeks information and documents from predecessors, affiliates, and subsidiaries of a nonparty has been found to be "grotesquely overbroad" and "outrageously burdensome." *See In re Time, Inc.*, 1999 U.S. Dist. LEXIS 15858 (E.D. L.A. 1999).

The Subpoena issued in this case is improper by any standard. IDEXX is a nonparty, and IDEXX is aware of the attempts by the parties to negotiate a confidentiality agreement, yet Hartz continues to assert that the documents and deposition should be produced without a confidentiality order in place. This places IDEXX in an untenable position.

The Subpoena seeks information from IDEXX's predecessors, affiliates, subsidiaries, divisions, and possibly even attorneys (Blue Ridge, IDEXX Pharmaceuticals, Inc. or IDEXX Laboratories, Inc.). The areas designated for testimony and the requests for production of documents are not narrowly crafted and do not contain reasonable time limits. Therefore, the Subpoena should be quashed as oppressive, unreasonable, and unduly burdensome.

## III. OBJECTIONS TO
## REQUESTS FOR PRODUCTION AND INSPECTION

A person subpoenaed to produce and permit inspection and copying may file written objections on the party or attorney issuing the subpoena. FED. R. CIV. P. 45(c)(2)(B). If the objections are timely made, the party serving the subpoena cannot inspect or copy the materials or inspect the premises without an order from the court that issued the subpoena. *Id*.

In the event that this Court does not quash the Subpoena, Virbac, pursuant to FED. R. CIV. P. 45, objects to the requests for production for the following reasons:

(1) The definitions are improper and overly broad;

(2) The categories are too general and overly vague;

(3) The categories cover an unspecified period of time and are overly broad;

(4) To require IDEXX to retrieve and produce records for an unspecified period of time would cause an undue burden and expense;

(5) An unreasonable date and place for compliance was specified in the Subpoena;

(6) The Subpoena was not served with an agreement to compensate IDEXX for all its costs;

(7) In serving the Subpoena, Hartz failed to fulfill its obligation to avoid imposing undue burden or expense on a nonparty;

(8) The Subpoena seeks documents available from parties in the action and IDEXX, a nonparty, should not be burdened with their production;

(9) This Subpoena seeks information that is protected from disclosure by accountant-client privilege and confidentiality, attorney-client privilege, the work-product doctrine and/or other duties of confidentiality or privilege;

(10) This Subpoena requests documents that may be protected by an appropriate protective order from misuse or further disclosure and in compliance with the "Scheduling Order No. 1" entered by the New Jersey District Court;

(11) The Subpoena seeks documents concerning persons who are not parties to this litigation that are potentially invasive of the privacy and confidentiality interests of those individual;

(12) The Subpoena seeks documents that are not in the possession, custody or control of IDEXX;

(13) The Subpoena is unduly burdensome and propounded solely for the purpose of harassment;

(14) The Subpoena seeks documents that are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome, or less expensive; and

(15) The Subpoena places a burden or expense of the proposed discovery that outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery in resolving the issues;

Because the requests for testimony and production are overly broad and unduly burdensome, this Court should grant Virbac's objections, strike Hartz's requests for testimony and production of documents, and quash the subpoena.

## IV.   REQUEST FOR EXPEDITED DECISION

Because the Subpoena called for production of documents and a deposition scheduled for Tuesday, February 21, 2006, and because the production of a deponent and of confidential documents have been postponed pending the ability of the parties to reach an agreement, Virbac requests an expedited decision to address the deficiencies in the Subpoena noted in this Motion.

WHEREFORE, Virbac Corporation respectfully requests that this Court quash the subpoena issued by Hartz to non-party IDEXX, and for such further and other relief to which it is justly entitled.

Dated at Portland, Maine this 6th day of April, 2006.

/s/  Brendan P. Rielly
Brendan P. Rielly
Jensen Baird Gardner & Henry
Attorneys at Law
10 Free Street
P.O. Box 4510
Portland, ME  04112
brielly@jbgh.com

Bracewell & Giuliani LLP
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: (214) 758-1000
Facsimile: (214) 758-1010
Michelle E. Roberts
TX State Bar No. 17014435
Debra K. Thomas
TX State Bar No. 24003046

ATTORNEYS FOR PLAINTIFF
VIRBAC CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of April, 2006 I caused a true and correct copy of the foregoing to be served by electronic mail on the following persons:

    Thomas Newman
    Murray, Plumb & Murray
    75 Pearl Street
    P.O. Box 9785
    Portland, ME  04101

    Eric S. Aronson
    Douglas R. Weider
    Todd L. Schleifstein
    Greenberg Traurig, LLP
    200 Campus Drive, P.O. Box 677
    Florham Park, NJ  07932

    Mr. David Erichsen
    Wilmer Cutler Pickering Hale and Dorr, LLP
    60 State Street
    Boston, MA 02109
    Attorneys for non-party IDEXX Laboratories, Inc.

and by first-class, postage prepaid, upon:

    John C. Barnoski
    Brian Urban
    Cozen O'Connor
    1900 Market Street
    Philadelphia, PA  19103

    Hon. Ronald J. Hedges
    United States Magistrate Judge
    District of New Jersey

                                            /s/  Brendan P. Rielly
                                            Brendan P. Rielly
                                            Jensen Baird Gardner & Henry
                                            Attorneys at Law
                                            10 Free Street
                                            P.O. Box 4510
                                            Portland, ME  04112
                                            brielly@jbgh.com