# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

**Maine Docket No. 06-MC-38**

-------------------------------------------------------------X
THE HARTZ MOUNTAIN CORPORATION,   :
   :   Civ. Act. No. 05-2488 (WJM)
        Plaintiff,   :   United States District Court
   :   District of New Jersey
     vs.   :
   :
CHANELLE PHARMACEUTICALS   :
MANUFACTURING LIMITED,   :   **CONSOLIDATED**
   :   **FOR ALL PURPOSES**
        Defendant.   :
-------------------------------------------------------------X
-------------------------------------------------------------X
VIRBAC CORPORATION,   :
   :   Civ. Act. No. 05-5845 (WJM)
        Plaintiff,   :   United States District Court
   :   District of New Jersey
     vs.   :
   :
CHANELLE PHARMACEUTICALS   :
MANUFACTURING LIMITED, *et ano*,   :
   :
        Defendants.   :
-------------------------------------------------------------X

## OPPOSITION MEMORANDUM OF THE HARTZ MOUNTAIN CORPORATION TO VIRBAC CORPORATION'S MOTION TO QUASH SUBPOENA SERVED ON IDEXX LABORATORIES, INC.

The Hartz Mountain Corporation, plaintiff in Civ. Act. No. 05-2488 (D.N.J.)

(WJM), and defendant in Civ. Act. No. 05-5845 (D.N.J.) (WJM) ("Hartz"), respectfully

submits this memorandum in opposition to the April 6, 2006 motion of Virbac

Corporation, plaintiff in Civ. Act. No. 05-5845 (D.N.J.) (WJM) ("Virbac"), to quash a

February 6, 2006 Subpoena (the "Subpoena") issued to IDEXX Laboratories, Inc.

("IDEXX"), which is a non-party to these actions.

Virbac's motion papers contain numerous mischaracterizations of the facts and procedural history of the above actions which are irrelevant to the disposition of this motion. The relevant facts are as follows.

These consolidated cases concern two process technologies for combining three pet pharmaceuticals into one stable canine heartworm medication. The technologies are the subject of patent applications filed with the U.S. Patent and Trademark Office and the European Patent Office, and assigned to Hartz and Chanelle Pharmaceuticals Manufacturing Limited ("Chanelle"), defendant in both consolidated actions.

The action brought by Virbac against Hartz and Chanelle alleges that defendants misappropriated the information described in the patent applications. The information at issue in Virbac's claims, however, was voluntarily disclosed by IDEXX's subsidiary company, Blue Ridge Pharmaceuticals, Inc. (now known as IDEXX Pharmaceuticals, Inc.), to Chanelle on October 10, 2000. Hartz and Chanelle have each moved to dismiss Virbac's claims pursuant to Fed. R. Civ. P. 12(b)(6), and Hartz has also moved for Rule 11 sanctions against Virbac and its counsel, Bracewell & Giuliani LLP. Because of the pending motions to dismiss, discovery in Virbac's action has been stayed. Discovery in the other action – by Hartz against Chanelle – is currently proceeding. Jan. 18, 2006 Scheduling Order No. 1 (attached as Ex. A to Apr. 5, 2006 Certification of Debra Thomas) ¶¶ 6-7, 9.

On February 6, 2006, Hartz served the Subpoena (attached as Thomas Cert. Ex. B) on IDEXX to obtain documents relevant to representations made by Chanelle to Hartz at issue in Hartz's action against Chanelle. The Subpoena seeks three categories of

2

documents, as to two of which IDEXX timely responded.[1]  IDEXX produced a single document in response to the third category, referred Hartz to a single document that Hartz already possessed in response to the second category, and indicated that it would later produce documents in response to the first category.  The documents remaining to be produced are:

> All documents produced to Chanelle . . . pursuant to the January 29, 1998 confidentiality agreement between Blue Ridge . . . and Chanelle (the "Confidentiality Agreement"), including without limitation, the "entire FDA CMC submission relating to the IVERHART® 3 formulation" referenced in the second paragraph of your June 3, 2005 letter to Michael Burke of Chanelle.

IDEXX has been entirely cooperative, and has never objected to the Subpoena.   Because of IDEXX's cooperation and the pending motions to dismiss, Hartz has not moved to compel production of the outstanding documents.  Virbac brought the instant motion on April 6, 2006.

Virbac's motion should be denied for two reasons.  First, as a party to these actions, Virbac lacks standing to move to quash a subpoena served on a non-party unless Virbac has a "personal right or privilege" with respect to the subject matter of the subpoena.  *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999).  The phrase "personal right or privilege" has been universally interpreted to describe only documents in the hands of non-parties that are subject to an evidentiary privilege (such as the attorney-client or physician-patient privilege), or personal financial records (such as a party's banking

---

[1]   Although the Subpoena also sought to depose a corporate representative of IDEXX, Hartz withdrew that aspect of the Subpoena on February 15, 2006 after IDEXX agreed to produce documents in response to the Subpoena.

records) held by a non-party. *See, e.g., Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 92-93 (S.D.N.Y. 2002); *EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). The only (as yet un-produced) documents sought by Hartz fall into neither category. Hartz is unaware of any authority conferring standing to make a motion to quash on a party who merely alleges that previously disclosed documents in the hands of a non-party, former business partner are "confidential" or contain "trade secrets."[2]

Second, Virbac's motion is untimely. Objections to document requests included in subpoenas must be made "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service . . . ." Fed. R. Civ. P. 45(c)(2)(B). That deadline expired six weeks ago. Similarly, motions to quash subpoenas must be "timely." Fed. R. Civ. P. 45(c)(3)(A). *See Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990) (denying motion to quash filed after expiration of period for filing objections set forth in Rule 45); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying motion to quash filed after noticed date of deposition in subpoena).

The Subpoena was returnable on February 21, 2006. On February 17, Virbac faxed a draft motion to quash and indicated that if the Subpoena was not withdrawn before February 20, the motion would be filed. The fax was sent to the wrong number, and was not received by Hartz's counsel until February 21. Hartz nonetheless immediately confirmed to Virbac that the Subpoena would not be withdrawn. There is

---

[2] Indeed, the gravamen of Virbac's claims against Hartz and Chanelle is that the precise information sought by the Subpoena was allegedly misappropriated and then exploited for commercial use. If this averment is true (which Hartz denies), then the information has obviously long ago lost its alleged "confidential" character.

no reason for Virbac to have waited this long to make its motion, particularly where the objection deadline and return date of the Subpoena passed six weeks ago, and the recipient of the Subpoena, IDEXX, had already voluntarily produced some of the responsive documents and agreed to produce the balance.

For the foregoing reasons, Hartz respectfully requests that Virbac's motion to quash the Subpoena be denied.


DATED:  April 7, 2006

_____/s/ Thomas C. Newman_____
Thomas C. Newman, Maine Bar No. 2199


_____/s/ Sarah A. McDaniel _____
Sarah A. McDaniel, Maine Bar No. 9506
*Attorneys for Plaintiff the Hartz Mountain Corporation*

MURRAY PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651