# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

```
-----------------------------------------------------  x
                                                       :   CIVIL ACTION NO. 05-2488 (WJM)
THE HARTZ MOUNTAIN CORPORATION                             United States District Court
                                                       :   District of New Jersey
                                 Plaintiff             :
                                                       :
vs.                                                    :
                                                       :   CONSOLIDATED FOR ALL PURPOSES
CHANELLE PHARMACEUTICAL                                :
VETERINARY PRODUCTS
MANUFACTURING LIMITED,                                 :
                                                       :
                                 Defendant.            :
-----------------------------------------------------  x
                                                       :   CIVIL ACTION NO. 05-5845 (WJM)
VIRBAC CORPORATION                                         United States District Court
                                                       :   District of New Jersey
                                 Plaintiff,            :
                                                       :
vs.                                                    :
                                                       :   PLAINTIFF VIRBAC CORPORATION'S
CHANELLE PHARMACEUTICAL                                :   REPLY MEMORANDUM IN SUPPORT
VETERINARY PRODUCTS                                        OF ITS MOTION TO QUASH
MANUFACTURING LIMITED, et al.,                         :
                                                       :
                                 Defendants.           :
-----------------------------------------------------  x
```

## PLAINTIFF VIRBAC CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH

Plaintiff Virbac Corporation ("Virbac"), by its undersigned counsel, files this Reply Memorandum in Support of its Motion to Quash Subpoena.

On April 7, 2006, Hartz Mountain filed its Opposition Memorandum To Virbac's Motion To Quash Subpoena Served on IDEXX Laboratories, Inc (the "Hartz Response"). The Hartz Response supports Virbac's position on a couple of points:

First, Hartz points to the documents remaining to be produced as: "All documents produced to Chanelle . . . pursuant to the January 29, 1998 confidentiality agreement between Blue Ridge . . . and Chanelle (the "Confidentiality Agreement") . . ."[1] These are the very documents that contain the Trade Secret information purchased by Virbac and the subject of this suit and the Subpoena.[2]  Even by Hartz's own admission, these documents were produced by Blue Ridge pursuant to a confidentiality agreement, rather than a "voluntary disclosure."[3] Indeed, Virbac provided this Court with the relevant information regarding that agreement and Virbac's purchase of the Trade Secret information.[4]  Further, as previously shown by Virbac, IDEXX confirmed that Virbac is the rightful owner of the information[5] and agreed to withhold the information until the parties could reach an agreement as to how to maintain the confidentiality.[6]  Thus, contrary to Hartz's argument, Virbac has established that it has a "personal right or privilege" with respect to the subject matter of the documents sought by the Hartz Subpoena to IDEXX.

Second, the Chanelle and Virbac cases have been consolidated, so Virbac has standing to assert enforcement of the scheduling order because it is a party to the lawsuit.  The reason Virbac asserts that the documents should not be produced without a confidentiality order in place is because Hartz continues to pursue a patent for the information that rightfully belongs to Virbac, and because Virbac presented its motion to quash to Hartz before the deadline for production of documents. Virbac thus timely objected to the subpoena.

---

[1] Hartz Response at p. 3.
[2] Virbac Motion to Quash at p.2
[3] Hartz Response at p. 3.
[4] Virbac Motion to Quash at pp. 7-8; Thomas Cert. at Exhibits "R" and "S".
[5] Virbac Motion to Quash at p. 8; Thomas Cert. at Exhibit "T".
[6] Virbac Motion to Quash at p. 8, Thomas Cert. at Exhibits "K" and "L".

Further, to induce Virbac to withhold its motion and allow the production of documents to go forward, Hartz responded that they would agree to a written confidentiality order. Subsequently, Virbac made repeated attempts to gain agreement as to the confidential treatment of the documents. Hartz repeatedly refused to agree by asking for revisions or for more time to review. Ultimately, after weeks of delay tactics, Hartz informed Virbac that it would not agree and that Virbac should seek relief from the Court. Virbac, having done all it could do to meet the requirements of this Court in attempting to reach an agreement prior to filing, and having relied on Hartz's representations that such an agreement would be made, then filed its Motion to Quash.[7] In view of those facts, it is beyond the pale that Hartz would now assert that this Court should deny Virbac's motion because it is untimely.

The decision to quash a subpoena rests in the sound discretion of this Court. State v. Watson, 726 A.2d 214, 216 (Me. 1999). Virbac timely objected to the subpoena and delayed in good faith moving to quash the subpoena because it believed the parties had reached an agreement resolving the discovery dispute, as discussed herein. As soon as Virbac realized that there was no agreement, it immediately moved to quash. Under these circumstances, Virbac's motion to quash is certainly timely.

Virbac has acted in good faith to protect its interests in the confidential nature of the trade secret information which Hartz wants produced to it without any restraint on its use. Virbac has repeatedly offered a means to provide that protection and still allow discovery to go forward. IDEXX has indicated its willingness to produce the documents in accord with the proposed agreement.[8] However, Hartz has refused. Therefore, Virbac is left with no choice but to ask this Court to act to protect its interests.

---

[7] Virbac Motion to Quash at pp. 3-5, Thomas Cert. at Exhibits"D"-"Q".
[8] Virbac Motion to Quash at p. 4, Thomas Cer. At Exhibits "K" and "L".

For the foregoing reasons, and for the reasons stated in its Motion to Quash, Virbac Corporation respectfully requests that this Court enter an order on the motion to quash the subpoena issued by Hartz to non-party IDEXX, and for such further and other relief to which it is justly entitled.

Respectfully submitted this 12th day of April 2006.

/s/  Brendan P. Rielly
Brendan P. Rielly
Jensen Baird Gardner & Henry
Attorneys at Law
10 Free Street
P.O. Box 4510
Portland, ME  04112
brielly@jbgh.com

Bracewell & Giuliani LLP
500 N. Akard St., Suite 4000
Dallas, TX 75201
Telephone: (214) 758-1000
Facsimile: (214) 758-1010
Michelle E. Roberts
TX State Bar No. 17014435
Debra K. Thomas
TX State Bar No. 24003046

ATTORNEYS FOR PLAINTIFF
VIRBAC CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2006 I electronically filed Virbac Corporation's Reply Memorandum in Support of Its Motion to Quash using the CM/ECF system, which will send electronic notice to

> Thomas Newman
> Murray, Plumb & Murray
> 75 Pearl Street
> P.O. Box 9785
> Portland, ME  04101

I also caused a true and correct copy of the foregoing to be served by electronic mail on the following persons:

> Eric S. Aronson
> Douglas R. Weider
> Todd L. Schleifstein
> Greenberg Traurig, LLP
> 200 Campus Drive, P.O. Box 677
> Florham Park, NJ  07932
>
> Mr. David Erichsen
> Wilmer Cutler Pickering Hale and Dorr, LLP
> 60 State Street
> Boston, MA 02109
> Attorneys for non-party IDEXX Laboratories, Inc.

and by first-class, postage prepaid, upon:

> John C. Barnoski
> Brian Urban
> Cozen O'Connor
> 1900 Market Street
> Philadelphia, PA  19103
>
> Hon. Ronald J. Hedges
> United States Magistrate Judge
> District of New Jersey

_/s/  Brendan P. Rielly_
Brendan P. Rielly