UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THE HARTZ MOUNTAIN CORPORATION, | ) ) ) | Misc. No. 06-38-C |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2488 (WJM) |
| CHANELLE PHARMACEUTICAL VETERINARY PRODUCTS MANUFACTURING LIMITED, | ) ) ) ) | (United States District Court for the District of New Jersey) |
| Defendant | ) ) ) | |
| _____ | | CONSOLIDATED FOR ALL PURPOSES |
| VIRBAC CORPORATION, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 05-5845 (WJM) |
| CHANELLE PHARMACEUTICAL VETERINARY PRODUCTS MANUFACTURING LIMITED, et al., | ) ) ) ) ) | (United States District Court for the District of New Jersey) |
| Defendants | ) | |

*ORDER ON MOTION TO QUASH*

Virbac Corporation, the plaintiff in one of these two consolidated cases now pending in the United States District Court for the District of New Jersey, moves to quash a subpoena issued to non-party IDEXX Corporation by the plaintiff in the other of the consolidated cases, the Hartz Mountain Corporation. On its face, the subpoena schedules the deposition of a corporate representative and seeks the production at that time of certain documents. Subpoena in a Civil Case (Exh. B to

1

Certification of Debra Thomas, Esq. ("Thomas Cert.") (Attachment 1 to Docket No. 1)) at 1. The presiding judge in the consolidated cases in the District of New Jersey issued on January 19, 2006 a scheduling order prohibiting the scheduling of any depositions until a case management conference then scheduled for May 15, 2006 had taken place and directing the parties to exchange written discovery requests. Scheduling Order No. 1, *Hartz Mountain Corp. v. Chanelle Pharms. Mfg. Ltd.*, Civ. Act. No. 05-2488 (WJM) and *Virbac Corp. v. Chanelle Pharms. Mfg. Ltd. et al.*, Civ. Act. No. 05-5845 (WJM), Consolidated for All Purposes (Exh. A to Thomas Cert.) ("Scheduling Order") at 1-3. Hartz has now withdrawn the demand for a deposition included in the subpoena. Opposition Memorandum of The Hartz Mountain Corporation to Virbac Corporation's Motion to Quash Subpoena, etc. ("Opposition") (Docket No. 4) at 3 n.1. It continues to press its demand for documents.

Virbac has standing to enforce the scheduling order of the New Jersey District Court. *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 121-23 (N.D. Ind. 2001); *see also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) ("[A] party has standing to move to enforce the Court's orders and rules" when subpoenas issued to non-parties violate court's order or rule). Virbac contends that the subpoena violates the Scheduling Order. Plaintiff Virbac Corporation's Motion to Quash, etc. (Docket No. 1) at 6. The Scheduling Order provides that Hartz and Chanelle shall exchange written discovery requests by a certain date and serve responses by a certain date. Scheduling Order ¶¶ 6-7. It bars Virbac from serving any discovery requests. *Id.* ¶ 9. It is silent with respect to the service of discovery requests, as distinct from notices of deposition, by either Hartz or Chanelle on non-parties. While it appears to me that the most likely reading of the Scheduling Order in its entirety is that no discovery other than that specified in the order may take place until further notice, that conclusion is not the only possible one.

When the court from which a subpoena issues is not the forum in which the underlying action is pending, a motion to quash that subpoena is properly brought in the issuing court, as was done here. "However, it is within the discretion of the court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending." 9A C. Wright & A. Miller, *Federal Practice and Procedure* §2463 at 79 (2d ed. 1994). I find persuasive in this regard the analysis of the District of Columbia Circuit Court of Appeals in *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998). It held that the court from which the subpoena issues may not transfer a motion to quash but may stay its action on the motion and permit the party seeking to quash the subpoena to make a motion for a protective order in the court where the trial is to take place and then defer to the trial court's decision. 141 F.3d at 340-42. In this case, where it is one of the parties rather than the non-party on which the subpoena was served that seeks to quash, resort to the trial court poses no inconvenience to the parties involved with the motion, and inasmuch as what is at issue is the meaning of a scheduling order issued by that court, it is only appropriate that that court determine whether the discovery sought here is permitted or prohibited by its order.

I reject Chanelle's argument that the motion to quash is untimely. Opposition at 4-5. The documents submitted by Virbac demonstrate that the delay beyond the 14-days-after-service deadline imposed by Fed. R. Civ. P. 45(c)(2)(B), if that deadline applies to the motion at all, resulted from attempts by Virbac to come to an agreement with Chanelle on the terms of a confidentiality order covering the documents sought by the subpoena. Plaintiff Virbac Corporation's Reply Memorandum, etc. (Docket No. 5) at 3 & Exhs. D-Q to Thomas Cert. Failure to meet that deadline is accordingly excusable.

For the foregoing reasons, action on the pending motion is **STAYED** pending action by the United States District Court for the District of New Jersey on a motion for protective order or any

other relief sought in that court by Virbac in connection with the subpoena that is the subject of the pending motion. Virbac is directed to report to this court within five business days that it has taken action in the United States District Court for the District of New Jersey as a result of this order; if it does not so report, this court will proceed to decide the pending motion. If Virbac does so report, it is further directed to promptly report the action of the United States District Court for the District of New Jersey on Virbac's request when it occurs and in any event to provide this court with a status report monthly until said action is taken.

So ordered.

Dated this 14th day of April, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge